IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JUSTIN LYNN ROBERTS,   )
           )
   Plaintiff,     )
           )
VS.         )   No. 1:16-cv-1009-JDT-egb
           )
STATE OF TENNESSEE, ET AL.,  )
           )
   Defendants.    )
_____

SECOND ORDER DIRECTING PLAINTIFF TO COMPLY
WITH 28 U.S.C. § 1915(a)(2) OR PAY THE $400 CIVIL FILING FEE
_____

On January 13, 2016, Plaintiff Justin Lynn Roberts, who is incarcerated at the

Henry County Correctional Facility in Paris, Tennessee, filed a *pro se* civil complaint.

(ECF No. 1.)  However, Plaintiff neglected to submit either the $400 civil filing fee

required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis.*

On January 15, 2016, the Court issued an order directing Plaintiff to comply with

28 U.S.C. §§ 1915(a)(1)-(2) or pay the $400 civil filing fee.  (ECF No. 3.)  On January 28,

2016, Plaintiff submitted a letter with his inmate financial information attached, however,

the copy of his inmate trust account statement was not accompanied by an application to

proceed *in forma pauperis.*  (ECF No. 4-1.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a

prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]

Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wriggleworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other ground by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a certification by the prison trust account officer and a copy of his trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Plaintiff is ORDERED to submit, within thirty (30) days after the date of this order, either the entire $400 civil filing fee or an application to proceed *in forma pauperis*.[2] The Clerk is directed to provide Plaintiff with a copy of the prisoner affidavit form along with this order.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a

---

[1]Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if the Plaintiff is granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

[2]Plaintiff does not need to submit another financial statement.

$350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b).

However, if the Plaintiff fails to comply with this order in a timely manner, the Court will

deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee from his inmate

trust account without regard to the installment payment procedures, and dismiss the action

without further notice for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). *McGore*,

114 F.3d at 605.[3]

IT IS SO ORDERED.

        **_s/James D. Todd_____**
        JAMES D. TODD
        UNITED STATES DISTRICT JUDGE

---

[3]Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. McGore, 114 F.3rd at 607; see also In reAlea, 286 F.3d 378, 381 (6th Cir. 2002).