UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN LYNN ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1009-JDT-egb |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 13, 2016, Plaintiff Justin Lynn Roberts ("Roberts"), an inmate at the Henry County Correctional Facility ("Jail") in Paris, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After this Court twice ordered Roberts to comply with 28 U.S.C. §§ 1915(a)(1)-(2) or pay the civil fling fee (ECF Nos. 3 & 5), Roberts filed a motion to proceed *in forma pauperis* on February 18, 2016 (ECF No. 6). In an order issued February 18, 2016, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) The Clerk shall record the defendants as the State of Tennessee[1] and the Jail.

---

[1]The Court construes claims against Sentence Management as claims against the State of Tennessee which is already a named Defendant. The Clerk is DIRECTED to remove Sentence Management as a Defendant.

I. The Complaint

Roberts alleges that he was incarcerated with a release eligibility date of August 9, 2014; a sentence expiration date of January 2, 2016; and a full expiration date of February 3, 2016. (Compl. at 1, ECF No. 1.) Roberts contends that the State of Tennessee Sentence Management has entered release dates of both December 27, 2015 and January 2, 2016,[2] and that he is now being held against his will after his release date has passed. (*Id.* at 2.) Roberts further asserts that Sentence Management, the Jail, and the State of Tennessee have made several errors and falsified his release dates to prevent him from obtaining his freedom and being with his family. (*Id.*) Roberts reiterates that his TOMIS sheet states an expiration date of January 2, 2016, yet at the time of filing he was still incarcerated. (*Id.*) Roberts alleges that his false imprisonment has caused him anxiety, stress, a possible relapse in the future as well as causing him to lose weight and sleep. (*Id.* at 3.)

Roberts does not ask for any specific relief, although the Court presumes he seeks to be released.

II. Analysis

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[2] Roberts's complaint says three different release dates, but he only provides the two dates. (Compl. at 2, ECF No. 1.)

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept

> "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. § 1983 Claim

Roberts filed his complaint pursuant to actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1. *Claims against the State of Tennessee*

Plaintiff cannot sue the State of Tennessee under 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*,

131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

2. *Claims against Henry County*

The Court construes claims against the Jail as claims against Henry County. However, the complaint does not assert a valid claim against Henry County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Even if it were assumed that the complaint alleged a violation of Roberts's constitutional rights, the second issue would be dispositive of Roberts's claims against Henry County.

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir.

1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Corr. Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty. of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich.

Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The complaint does not allege that Roberts suffered any injury arising from an unconstitutional policy or custom of Henry County.

## III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

## IV. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

V. Conclusion

The Court DISMISSES Roberts's complaint as to the Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to Amend is DENIED because the deficiencies in Roberts's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         **s/James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE